```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA    )   NO. MJ-05-303-CI
                            )
          Plaintiff,        )   ORDER DENYING MOTION TO VOID
                            )   JUDGMENT AND ADVISING AS TO
v.                          )   APPEAL RIGHTS
                            )
ROBERT RAE,                 )
                            )
          Defendant.        )
                            )
```

On October 25, 2005, a trial was held in the captioned matter. Assistant United States Attorney Stephanie Whitaker and Legal Intern Christopher Brecht represented the United States; Defendant appeared pro se. Following testimony by the government's witnesses and questioning by Defendant of the Kustom Signal Model Falcon Speeding Measuring device, the court found Defendant guilty of the charged offense of speeding and sentenced him to a fine of $40, plus $20 collection and $10 assessment fees (to be paid within 30 days). Defendant was advised of his right to appeal.

On November 7, 2005, the court received a "Notice and Demand to Vacate Void Judgment," which the court construes liberally as a Motion to Void Judgment for lack of jurisdiction pursuant to FED. R.

ORDER DENYING MOTION TO VOID JUDGMENT
AND ADVISING AS TO APPEAL RIGHTS - 1

CRIM. P. 34(a)(2).[1] Defendant contends the magistrate judge was without jurisdiction to enter judgment against him because (1) there was no apparent oath of office contract as required under 28 U.S.C. § 453; (2) there was no evidence of a bond available for public inspection; (3) there was no evidence of a government issued license to practice law in the State of Washington or the United States; (4) by questioning the accused, the magistrate judge acted as both complainant and judge; and (5) the court lacked jurisdiction, territorial, subject matter, and/or *in personam*, to prosecute the charged offense. Additionally, Defendant challenges his conviction and sentence was void because there was an arrest (as defined by Black's Law Dictionary) without *Miranda* warnings; there was no ability to confront the radar machine that accused him of speeding; and incomplete discovery was provided by the government.

**OATH, BOND, LICENSE**

Section 453 of 28 U.S.C. provides that each judge of the United States shall take the following oath or affirmation before performing the duties of his or her office:

> I, [name], do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as [magistrate judge] under the Constitution and laws of the United States. So help me God.

Requests for a copy of the undersigned's completed oath is available

---

[1] FED. R. CRIM. P. 34(a)(2) provides, that upon defendant's motion, the court must arrest judgment if the court does not have jurisdiction of the charged offense. Such motion must be filed within seven days of a finding of guilty.

ORDER DENYING MOTION TO VOID JUDGMENT
AND ADVISING AS TO APPEAL RIGHTS - 2

for public inspection through the Administrative Office of the U.S. Courts.[2] There is no statutory requirement the undersigned execute a bond before performing her duties. The undersigned, as noted by Defendant who referenced her state bar number, was licensed as an attorney in the State of Washington. Finally, FED. R. EVID. 614 permits the court to call or question witnesses.

## JURISDICTION

Defendant asserts the court had no territorial, subject matter, or in personam jurisdiction because there were no court findings summarizing evidentiary facts supporting jurisdiction. At the start of trial, the government requested the court to rule on jurisdictional issues; Defendant advised the court at that time he was not challenging jurisdiction but raising only the issue whether

---

[2] The office of federal magistrate was established in 1968 by the Federal Magistrates Act, Pub.L. No. 90-578, 82 Stat. 1108, codified at 28 U.S.C. §§ 631-639. Magistrates replaced the former United States Commissioners, and perform a number of functions in the conduct of the judicial system, including the issuance of warrants, the trial of petty criminal offenses, and the disposition of discovery and other pretrial motions. See generally 28 U.S.C. §§ 631-639 and the notes that follow. Effective December 1, 1990, Congress changed the name of the office to "United States Magistrate Judge." Sec. 321 of Pub.L. No. 101-650, 28 U.S.C. § 631. Magistrate Judges do not have life tenure, but serve for a fixed term, 28 U.S.C. § 631(e); under the U.S. Constitution they are accordingly Article I judges, and not Article III judges. See generally C. WRIGHT, FEDERAL COURTS § 11 (4th ed. 1983).

he was speeding on federal land.  In the instant Motion, Defendant has not provided this court with any legal or factual basis to support his jurisdictional challenge other than arguments already rejected.

**DISCOVERY**

Defendant contends he was not provided all the discovery he was entitled to and because of that failure, was unable to present a defense and now entitling him to voiding the judgment.  The issue of Defendant's access to discovery was raised at trial; the court concluded discovery was governed by FED. R. CRIM. P. 58 and that sufficient discovery was provided to meet federal constitutional requirements.  To the extent the government failed to provide Defendant with additional information he sought, he has failed to show how he was prejudiced. *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997) (holding defendant "must demonstrate prejudice to substantial rights to justify reversal for violations of discovery rules"), *cert. denied*, 523 U.S. 1131 (1998).

*MIRANDA*

Defendant raised the issue of whether the traffic stop was an arrest giving rise to the protections afforded by *Miranda v. Arizona*, 384 U.S. 436 (1966).  Even assuming the stop was an arrest, a failure to provide Miranda warnings does not warrant voiding the judgment of conviction as Defendant made no incriminating statements.  *Miranda*, at 443 (inculpatory statements made to police authority without *Miranda* warnings must be suppressed).

**CONFRONTATION OF WITNESSES**

Defendant argued at trial and now repeats his argument he was denied his ability to confront witnesses because he was accused by

ORDER DENYING MOTION TO VOID JUDGMENT
AND ADVISING AS TO APPEAL RIGHTS - 4

the radar gun used by the officer. At trial, when he directed a question to the radar gun, it remained silent. The court noted the government provided an expert witness, properly tendered, to testify as to the method of operation of the radar gun, its overall and timely calibration, and proper use by the officer making the stop. There was no regulation that required overall calibration by the manufacturer every six months. The court found the officers' testimony as to the radar gun and the absence of any interference which would have affected its correct reading to be proof beyond a reasonable doubt of Defendant's guilt. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Void Judgment **(Ct. Rec. 4)** is **DENIED.**

2. Defendant is further advised that if he wishes to appeal this ruling and his conviction to an Article III judge, he must file a **Notice of Appeal** and pay the $32 filing fee, 28 U.S.C. § 1914 (District Court Miscellaneous Fee Schedule (9)) (1948 & Supp. 2004), **WITHIN TEN DAYS** of the date of this Order.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiffs and Defendants.

DATED November 18, 2005.

                         S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE

ORDER DENYING MOTION TO VOID JUDGMENT
AND ADVISING AS TO APPEAL RIGHTS - 5